Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Nelson A. Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILLARY WHITE RABBIT, LLC, a Maine limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> SKINNYCORP, LLC d/b/a Threadless, a Delaware limited liability company; ROADGET BUSINESS PTE. LTD. d/b/a Shein, a Singapore private limited company; HOT TOPIC, INC., a California corporation; PYRAMID INTERNATIONAL LTD., a UK private limited company; KOHL'S, INC., a Delaware corporation; URBAN OUTFITTERS, INC, a Delaware Corporation; SPENCER GIFTS LLC d/b/a Spencer's, a Delaware limited liability company; THE TJX COMPANIES, INC., d/b/a Marshall's & T.J. Maxx, a Delaware corporation; and DOES 1-10. <br><br> Defendants. | Case No.: _____ <br><br> COMPLAINT FOR: <br><br> 1. COPYRIGHT INFRINGEMENT; <br><br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; and <br><br> 3. BREACH OF CONTRACT <br><br> <u>Jury Trial Demanded</u> |

COMPLAINT

Plaintiff Hillary White Rabbit, LLC ("White" or "Plaintiff"), by and through its undersigned attorney, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Hillary White is a visual artist living in Maine and the principal of Hillary White Rabbit, LLC.  White's unique artwork couples her wit and keen social observations with various themes, including vintage-inspired t-shirt designs and hand-drawn, cartoon-style artwork.

At issue in this action are unauthorized uses of White's artwork on apparel and personal accessories that are being sold and/or licensed without consent by numerous parties, including on SkinnyCorp, LLC's ("Threadless") store and marketplace, located at https://www.threadless.com, as well as on pages of its sub-licensees. Images of infringing content reside on Threadless's servers and are publicly displayed and broadcast indefinitely from these servers. Threadless continued to infringe after notice, resulting in the willful and pervasive infringement of White's copyrights.

## JURISDICTION & VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Defendant Threadless is subject to personal jurisdiction in New York because it conducts substantial business in this district, has systematic and continuous contacts with this district, and avails itself of the privileges and benefits of New York law.

4. Defendant Roadget Business Pte. Ltd. ("Shein") is subject to personal jurisdiction in New York because it conducts substantial business in this district, has

systematic and continuous contacts with this district, and avails itself of the privileges and benefits of New York law.

5. Defendant Hot Topic, Inc. ("Hot Topic") is subject to personal jurisdiction in New York because it conducts substantial business in this district, has systematic and continuous contacts with this district, and avails itself of the privileges and benefits of New York law.

6. Defendant Pyramid International, Ltd. ("Pyramid") is subject to personal jurisdiction in New York because it conducts substantial business in this district, has systematic and continuous contacts with this district, and avails itself of the privileges and benefits of New York law.

7. Defendant Kohl's, Inc. ("Kohl's") is subject to personal jurisdiction in New York because it conducts substantial business in this district, has systematic and continuous contacts with this district, and avails itself of the privileges and benefits of New York law.

8. Defendant Urban Outfitters, Inc. ("Urban Outfitters") is subject to personal jurisdiction in New York because it conducts substantial business in this district, has systematic and continuous contacts with this district, and avails itself of the privileges and benefits of New York law.

9. Defendant Spencer Gifts LLC ("Spencer's") is subject to personal jurisdiction in New York because it conducts substantial business in this district, has systematic and continuous contacts with this district, and avails itself of the privileges and benefits of New York law.

10. Defendant The TJX Companies ("TJX") is subject to personal jurisdiction in New York because it conducts substantial business in this district, has systematic and continuous contacts with this district, and avails itself of the privileges and benefits of New York law.

11. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(2) and (c)(2) because Defendant is subject to personal jurisdiction in this district.

3

COMPLAINT

## PARTIES

12.     Plaintiff Hillary White Rabbit, LLC ("Plaintiff") is a limited liability company organized and existing under the laws of the State of Maine. Hillary White is the principal of Plaintiff.

13.     Plaintiff is informed and believes and thereon alleges that Defendant Threadless is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.

14.     Plaintiff is informed and believes and thereon alleges that Defendant Shein is a private limited company organized and existing under the laws of Singapore with its principal place of business in Singapore and is doing business in Los Angels County.

15.     Plaintiff is informed and believes and thereon alleges that Defendant Hot Topic is a corporation organized and existing under the laws of the State of California with its principal place of business in City of Industry, CA.

16.     Plaintiff is informed and believes and thereon alleges that Defendant Pyramid is a private limited company organized and existing under the laws of the United Kingdom with its principal place of business in Whetstone, UK.

17.     Plaintiff is informed and believes and thereon alleges that Defendant Kohl's is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Menomonee Falls, WI.

18.     Plaintiff is informed and believes and thereon alleges that Defendant Urban Outfitters is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Philadelphia, PA.

19.     Plaintiff is informed and believes and thereon alleges that Defendant Spencer's is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Egg Harbor Township, NJ.

COMPLAINT

20. Plaintiff is informed and believes and thereon alleges that Defendant TJX is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Framingham, MA.

21. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

## RELEVANT BACKGROUND

A. The Threadless Store

22. Threadless sources designs for use on a variety of apparel and other merchandise including t-shirts, sweaters, and sweatshirts, which Threadless then offers for sale. If a visitor to the site orders a product, Threadless processes the payment, makes and ships–or directs a third-party to make and ship–the product to the purchaser, and then splits the profits with the artist who contributed the design.

23. Threadless also allows artists to open up their own "Artist Shops", allowing them to sell their merchandise, set their own prices, and market their work on the Threadless website.

24. When artists set up an Artist Shop on Threadless, they agree to the Artist Shop Policy ("Policy"). Under the Policy, "[a]rtwork displayed in an Artist Shop will not be distributed to third party retailers or distributors for further sale or distribution, unless otherwise agreed by [the artist] and Threadless.com."d

B. White's Relationship with Threadless

25. In 2017, White opened up an Artist Shop on Threadless, uploading multiple pieces of original artwork.

COMPLAINT

26. In 2020, White entered into an agreement with Threadless (the "Agreement") under which White agreed to create designs for possible display, distribution, and sale by Threadless in exchange for a royalty of twenty percent of payments received from licensing of the designs. Under the terms of the Agreement, Threadless would provide accounting statements of royalties for licensed products, detailing the number of licensed products sold, retail prices of licensed products sold, retailers for licensed products, and royalties paid. Notably, the Agreement states that the artist would retain all ownership rights in the licensed designs, and that any potential sub-licenses to third parties *would be subject to approval by the artist* before Threadless would be allowed to sub-license any rights.

27. Threadless, without authorization, granted sublicenses to Zulily without prior approval. Threadless Artist Shop Account Director Lance Curran ("Curran") acknowledged this lack of oversight, blaming an "opt-in" retail status on White's Threadless account. White never opted in to any agreements with Threadless outside the Artist Shop Policy and 2020 Agreement.

28. Before the infringement claimed of herein, the Agreement expired. Despite the terms of the Agreement, which mandated that "[u]pon termination, Threadless shall cease all licensing and manufacturing activities, and shall direct its manufacturers, wholesalers, retailers and sub-licensees to cease all licensing and manufacturing activities," Threadless continued to display, market, and distribute White's product and to sublicense rights it did not have.

29. Threadless failed to provide regular royalty statements, as mandated in Term 3 of the Agreement. In those five years, Threadless only provided one accounting statement, which was for Q2-4 2020, provided to White in May 2021. As a result, there have been discrepancies in royalty payments to White that Threadless did not discover until White brought specific unauthorized products to its attention.

30. In July 2025, White discovered that her designs were being exploited as stickers for sale at Hot Topic. When she reached out to Curran, he verified that a

6

COMPLAINT

design was sublicensed to Hot Topic for sale as stickers, in addition to other designs by White that were sublicensed to Hot Topic for buttons.

31. Upon discovering that the Agreement was expired and that Threadless had continued to sublicense her work without prerequisite approval, White requested to terminate any sublicenses or retail sales of her work outside of her Artist Shop. White specifically named third-party retailers where she had discovered unapproved sales of her work, including on Shein, Pyramid, Kohl's, Spencer's, Urban Outfitters, and Hot Topic ("Defendants' Stores"). White also requested a full breakdown of retail sales and corresponding royalties from 2022-2025.

32. In response to White's request, Curran offered a new agreement, under which White's royalty rate would be increased to forty percent. He also offered to start providing quarterly sales summaries. In his email, Curran acknowledged a lack of contract oversight and lack of transparency.

33. On or around August 21, 2025, White sent Threadless a demand to cease and desist all unauthorized manufacture, display, and sale of products bearing White's artwork; disable access to websites displaying or selling unauthorized products; instruct all retailers, distributors, and licensees to cease all unauthorized manufacture, display and sale of products bearing White's artwork; instruct all retailers, distributors, and licensees to disable access to websites displaying or selling unauthorized products; *rescind all sublicenses* that Threadless granted for White's artwork; provide a detailed accounting of all past and present sublicenses; find and destroy any copies of White's artwork outside her Artist Shop; and provide a detailed accounting of royalties due for all authorized and unauthorized products bearing White's artwork.

34. On or around August 28, 2025, Threadless CEO Jake Nickell ("Nickell") confirmed that Threadless was in the process of notifying all sub-licensees that their sublicense was rescinded and that they must cease all sales, remove listings, and destroy any copies of White's artwork in their possession.

COMPLAINT

35.    On or around September 9, 2025, White informed Nickell of her desire to completely end the business relationship with Threadless, including discontinuing her Artist Shop and sales of any of her designs on the Threadless website. Nickell indicated that it would take "a few weeks" to ensure all outstanding orders are shipped before files are deleted and for White's royalties to be distributed. Nickell also provided a detailed accounting of White's royalties through Q2 of 2025.

36.    After reviewing the accounting files provided, White discovered roughly eighty separate reported instances in which Threadless infringed White's copyright by sublicensing her designs to third parties without her knowledge or consent. Additionally, as of January 2026, infringing products remained available and on display, several months after White's initial takedown request.

## THE ARTWORK AT ISSUE

37.    Plaintiff has identified at least fifty-nine works ("Protected Works") that Defendant infringed by sublicensing them without permission. Most of these works were registered with the U.S. Copyright Office. A list of the Protected Works can be found in **Exhibit A**.

38.    Plaintiff's Protected Works were sublicensed to several third-party sellers, including, but not limited to, Defendants' Sites. A non-exhaustive list of exemplar links to the infringing uses can be found in **Exhibit B**.

39.    Defendants, and each of them, displayed the Protected Works, and marketed, sold, and transported product bearing the Protected Works, without the consent of Plaintiff. The allegations made herein are as to all used by Defendants, and each of them, of any of the Protected Works.

## CLAIMS RELATED TO PROTECTED WORKS

40.    Following Plaintiff's publication and distribution of products bearing the Protected Works, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions

8
COMPLAINT

of the Protected Works ("Unauthorized Products") on various sites and outlets, including Defendants' Stores.

41.     Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, the Defendant created, manufactured, caused to be created, imported and/or exported Unauthorized Products, and displayed, promoted, sold and distributed the Unauthorized Products.

42.     The exemplars provided in **Exhibit B** are non-inclusive, and the allegations set forth herein are made as to all products sold by Defendant, and each of them, that bears a design substantially similar to the Protected Works.

43.     Plaintiff is informed and believes and thereon alleges that Defendant has committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendant to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## DAMAGE TO PLAINTIFF

44.     In response to the widespread infringement of her proprietary artwork, White has spent countless hours identifying infringing material on the Threadless website as well as on Defendants' Stores.  But for this infringement, White would have spent this time creating new artwork, growing her business, and earning a living.

45.     Despite White's requests to remove all Protected Works from the Threadless website as well as from the Defendants' Stores, Threadless failed to act expeditiously in response to said notices for weeks at a time.

46.     Despite White's best efforts, products bearing illegal copies of her artwork continue to be sold on Threadless, as well as on Defendants' Stores.

COMPLAINT

47.    White has lost sales as a direct result of the infringing products listed on Threadless, as set forth supra, and but for the infringing sales, White would have sold more original, legal product.

48.    White's artwork has lost significant value as a result of the oversaturation of Threadless and Defendants' Stores with Unauthorized Products bearing White's artwork, as set forth supra, and but for the infringing sales, White's artwork would have retained its original value.

49.    Threadless's failure to remove thousands of images bearing reproductions of White's artwork from its computer servers has resulted in thousands of copies of White's artwork portfolio being published indefinitely online, available for copying—and even resizing—by illegal software and bot scraping tools.

50.    Upon information and belief, the quality of many of the infringing products is substantially inferior to White's original product. The sale of such inferior product by Threadless has harmed, and will continue to harm, White's reputation as an artist and retailer of product bearing her artwork.

51.    Despite Threadless's assurance that all sub-licenses were rescinded and unauthorized sales have ceased, infringing products bearing White's artwork continue to be sold by third-party retailers, as shown in **Exhibit B**.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants, and Each)

52.    Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

53.    White is, and at all relevant times has been, the owner of the Protected Works.

54.    The original artworks are copyrightable subject matter under 17 U.S.C. § 102(a)(5).

55.    White has complied in all respects with the provisions and requirements of the Copyright Act.

10

COMPLAINT

56.    White duly registered the copyrights to many of the original artworks with the United States Copyright Office prior to the acts complained of herein.

57.    White has exclusive rights under 17 U.S.C. § 106 to reproduce, prepare derivative works of, distribute copies of, and publicly display the original artworks.

58.    Without White's authorization, the original artworks were reproduced on distributed products and were publicly displayed on the Threadless website, as well as on Defendants' Stores, and offered for sale.

59.    Defendant Threadless had actual knowledge of the infringement of Plaintiff's copyrights.

60.    Defendant Threadless had actual knowledge of the infringing listings on the Threadless website, as well as on Defendants' Stores, as show in detailed accountings sent to Plaintiff.

61.    Threadless directly infringed White's copyrights by continuing to allow public access to the infringing links on the Threadless website and/or on Defendants' Stores, and by continuing to allow sales of a vast array of infringing products.

62.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Plaintiff's Protected Works including, without limitation, through (a) access to Plaintiff's online design portfolio located at DeviantArt.com; (b) access to the original artworks listed for sale on t-shirts on various websites; (c) access to illegally manufactured, imported and distributed copies of the artworks by third-party vendors, including without limitation international and/or overseas manufacturers and printing mills; and (d) t-shirts manufactured and sold to the public bearing items lawfully printed with the artworks. Access is also established by the striking similarity between the artworks and the corresponding artwork on Threadless's, and Defendants' Stores, infringing product.

63.    Plaintiff is informed and believes and thereon alleges that Threadless has an ongoing business relationship with Defendants' Stores, and each of them, and supplied products to said retailers, which products infringed the original artworks in

11

COMPLAINT

that said products featured unauthorized design(s) that were identical or substantially similar to the original artworks, or were an illegal derivation or modification thereof.

64.    Plaintiff is informed and believes and thereon alleges that Defendant Threadless infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the original artworks and by producing, distributing and/or selling apparel and/or other products which infringe the original artworks through Threadless's nationwide network.

65.    Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business, including without limitation, lost profits and lost licensing revenue, in an amount to be established at trial.

66.    Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

67.    Due to Defendants' acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringement of the original artworks as alleged herein. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the original artworks in an amount to be established at trial.

68.    Plaintiff is informed and believes and thereon alleges that Defendant has committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendant to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)**

COMPLAINT

69.     Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

70.     Plaintiff is informed and believes and thereon alleges that Defendant Threadless knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of apparel and other products featuring the original artworks as alleged herein.

71.     Plaintiff is informed and believes and thereon alleges that Defendant Threadless is vicariously liable for the infringement alleged herein because it had the right and ability to supervise the infringing conduct and because it had a direct financial interest in the infringing conduct.

72.     By reason of the Defendant Threadless's acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

73.     Due to Defendant Threadless's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringement of the original artworks.  As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the original artworks, in an amount to be established at trial.

74.     Plaintiff is informed and believes and thereon alleges that Defendant Threadless has committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendant to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

### (For Breach of Contract – Against Threadless)

75.    Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

76.    Plaintiff entered into an agreement with Threadless as set forth hereinabove.

77.    Threadless failed to perform and discharge its obligations under this agreement, as detailed above. Plaintiff at all times did perform and discharge its obligations or was excused from said performance.

78.    Threadless materially and substantially breached its agreement with Plaintiff and that breach caused Plaintiff significant general and special damages in an amount to be established at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against Defendants

### With Respect to Each Claim for Relief

a.  Against Defendants for willful copyright infringement;

b.  Alternatively, against Defendants for copyright infringement;

c.  Against Defendant Threadless for vicarious and contributory copyright infringement;

d.  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those in and to the original artworks;

e.  That Defendant Threadless be required to disable access to any unauthorized reproductions of Plaintiff's original artworks from Threadless's computer servers;

f.  That Defendant Threadless be enjoined from retaining reproductions of Plaintiff's original artworks on Threadless's computer servers;

14

COMPLAINT

g. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 504, et seq.;

h. That Plaintiff be awarded its statutory damages and attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505, et seq.;

i. That Plaintiff be awarded general and special damages in connection with the breach of contract;

j. That Defendants account to Plaintiff for its profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

k. That Plaintiff be awarded the costs of this action;

l. That Plaintiff be awarded pre-judgment interest as allowed by law; and

m. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 25, 2026          By:     */s/ Scott Alan Burroughs*
                                        Scott Alan Burroughs, Esq.
                                        Nelson A. Campbell, Esq.
                                        DONIGER / BURROUGHS
                                        *Attorneys for Plaintiff*

COMPLAINT